UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF DREYMOOR FERTILIZERS OVERSEAS PTE LTD.<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | CASE NO. 1;20-mc-00192 |

# EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, Dreymoor Fertilizers Overseas Pte Ltd. ("Dreymoor" or "Applicant"), by and through its undersigned counsel applies for an *ex parte* Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on intermediary banks located within the Southern District of New York, and for the production of relevant documents in the possession, custody, and/or control of H.S.B.C. Bank U.S.A., N.A.; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank Trust Company Americas and its affiliates Deutsche Bank and Bankers Trust Company; Israel Discount Bank of New York; Wells Fargo Bank, N.A.; Commerzbank AG; and Bank of America, N.A (collectively, the "Intermediary Banks") for use in an action pending before the Lithuanian Appeals Court entitled *Dreymoor Fertilizers Pte Ltd v. UAB AVAgro and AVAgro LLC*, Case No. e2T-34-943/2020 (the "Lithuanian Enforcement Action"), a related action also pending in Lithuania entitled *UAB Avagro v. Klaipeda Stevedoring Company* (the "Klasco Action"), in which Applicant is seeking to intervene, and additional reasonably contemplated foreign actions (the "Future Actions").

"[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to §1782 *ex parte*." *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012)

1

(summary order); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012) (reviewing district court's grant of motion to quash subsequent to *ex parte* grant of §1782 application); *In re Edelman*, 295 F.3d 171, 173-175 (2d Cir. 2002) (same); see also *In re Hornbeam*, -- Fed.Appx. --, 2018 WL 416486, *2 (2d Cir. Jan. 16, 2018) (summary order) ("this court has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application."). Requests for transfer records from intermediary banks are routine and rarely opposed by such banks. In previous cases seeking similar discovery from intermediary banks under § 1782, the Court noted that "New York Banks routinely receive and comply with similar subpoenas issued pursuant to 28 U.S.C. §1782. In response . . . the Banks have searched their electronic transaction databases for the relevant terms timely provided counsel with sample electronic spreadsheets listing the basic information relating to any wire transfers that satisfy the search parameters. *In re Application of Hornbeam Copr.*, 2014 WL 8775453, *1 (S.D.N.Y. Dec. 24, 2014).

This action arises from the efforts by Dreymoor, a Singapore corporation, to enforce a Final Award in the amount of €6,211,091.06 and $339,761.42 (the "Award"), which has been issued in favor of Dreymoor in an ICDR Arbitration[1] in New York against UAB AVAgro, a Lithuanian fertilizer trading corporation ("UAB") and its parent company AVAgro LLC, a limited liability company based in Kansas ("LLC", and collectively with UAB, "AVAgro"). At all relevant times, UAB was wholly owned by LLC which, in turn, was wholly owned by a single individual, Anna Mikhailova ("Ms. Mikhailova"). Ms. Mikhailova handled all of the negotiations for AVAgro in the Dreymoor transaction.

---

[1] *UAB AVAgro v. Dreymoor,* International Center for Dispute Resolution, Case No. 01-19-0000-3381 (the "Arbitration").

The Award is against both UAB AVAgro and AVAgro LLC. Applicant now seeks to enforce that Award in the pending Lithuanian Enforcement Action. A related action involving title to the products purchased with the funds supplied by Dreymoor (the "Products") is also pending in Lithuania before the Klaipeda Regional Court entitled *Klasco v. UAB Avagro*, Case No. e2T-1099-538/2019 (the "Klasco Action"). Based on the Award, Dreymoor is an interested party as it holds an interest in the Products and intends to intervene in such action. Dreymoor also anticipates bringing additional litigation against the involved parties as discussed below (the "Future Actions"). The evidence sought here is for use in the Lithuanian Enforcement Action, the Klasco Action and the Future Actions (collectively, the "Actions").

Applicant seeks discovery from the above-listed intermediary banks, which are located in this District and have acted either as direct transfer banks or as the intermediary or correspondent banks for the payments and transfers which are or will be at issue in the Actions. Based on Applicant's investigation of the intermediary or correspondent banks involved in the transactions between the parties in the foreign proceedings, the banks from which the Applicant seeks discovery are H.S.B.C. Bank U.S.A., N.A.; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank; Wells Fargo Bank, N.A.; Commerzbank AG; and Bank of America, N.A. These banks are known or likely to have served as intermediary or correspondent banks for the U.S. Dollar transfers between the parties in the foreign proceeding.

The payments and transfers which are or will be at issue in the Actions were made from and to non-U.S. banks but, as with all bank transactions in U.S. dollars, were routed through intermediary banks located within the Southern District of New York. The discovery sought here are the records of the fund transfers – within a relevant timeframe before and after the Dreymoor transaction – held by the Intermediary Banks showing the funds transfers and any other payments made to or from Avagro and Ms. Mikhailova.

Specifically, the subpoenas to the Intermediary Banks seek:

1. Copies of any orders, instructions or wire transfers received from any person or entity (including but not limited to, any payor/transferor bank to a payee/transferee bank) for the benefit or credit of, or with any reference to any of the following entities (the "Transferees"):

    i. UAB AvAgro.

    ii. AvAagro LLC.

    iii. Anna Mikhailova, an individual.

    in which the Intermediary Banks have acted as intermediary banks, together with any electronic and/or paper records thereof <u>for the period beginning January 1, 2017 the present.</u>

2. Copies of any other documents in the possession of the Intermediary Banks relating to the Transferees.

The application meets the three statutory requirements for discovery set forth in Section 1782. *First*, the parties from which discovery is sought, the Intermediary Banks, are present within the Southern District of New York. *Second*, the documents requested are "for use" in the ongoing Lithuanian Action and Klasco Action and contemplated Foreign Actions which the Applicant intends to bring against transferees of the funds. *Third*, as a party in the ongoing and contemplated foreign actions, Applicant qualifies as an "interested person" under Section 1782.

Further, the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting Applicant's application, as set forth in the Declaration of Suraj Aggarwal, dated April 9, 2020 (the Aggarwal Declaration") and the Memorandum of Law submitted with this

4

Application.  In summary, the Intermediary Banks are not parties to the foreign actions, there is no restriction on the use of this discovery in the foreign actions, the Applicant is not circumventing any proof gathering motivation in Lithuania and the discovery requested is narrowly tailored to highly relevant document easily assembled and routinely supplied by intermediary banks.

Accordingly, for the reasons set forth in this Application; the Aggarwal Declaration; and the Memorandum of Law submitted contemporaneously with this Application, Applicant respectfully requests that the Court grant it permission to serve the Intermediary Banks with a respective subpoena substantially in the form of the subpoena attached to the declaration of Suraj Aggarwal at Exhibit 1.

A form of the proposed Order granting the requested discovery is attached hereto as Exhibit A.

Dated:  April 13, 2020   Respectfully submitted,

   /s/ Matthew Feser
Patrick Salisbury
Matthew Feser
SALSIBURY & RYAN LLP
1345 Avenue of the Americas
2nd Floor
New York, New York 10105
Tel: 212.977.4660
Fax: 212.977.4668

*Attorneys for Applicant*

## **EXHIBIT A**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                    :
IN RE THE APPLICATION OF DREYMOOR        :
FERTILIZERS OVERSEAS PTE LTD.
                                                    :
                                                    :            CASE NO. 1:20-mc-00192
                                                    :
REQUEST FOR DISCOVERY PURSUANT TO  :
28 U.S.C. § 1782
                                                    :            (PROPOSED) ORDER
                                                    :
---------------------------------------------------------------.
```

_____, District Judge:

Applicant, Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor" or "Applicant"), moves for an order pursuant to 28 U.S.C. § 1782 authorizing it to take discovery from H.S.B.C. Bank U.S.A., N.A.; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank (and its affiliates Deutsche Bank Trust Company Americas and Bankers Trust Company); Israel Discount Bank of New York; Wells Fargo Bank, N.A.; Commerzbank AG; and Bank of America, N.A. (collectively, the "Respondents") for use in foreign proceedings. Specifically, Applicant requests that the Court order the issuance of subpoenas directing each of the Respondents to produce documents, as described in the subpoena attached to the Declaration of Suraj Aggarwal, dated April 10, 2020 (the Aggarwal Declaration"), as Exhibit 1 at Docket No. \_\_ (the "Subpoena"), for use in ongoing and contemplated foreign litigation.

The Court is satisfied that the application is proper under 28 U.S.C. § 1782: (1) Respondents reside and are found in this District; (2) the discovery is sought for use in

7

proceedings before a foreign tribunal; and (3) Applicant – as a party in ongoing litigation and the potential plaintiff in contemplated litigation – is an interested party in those proceedings. The Court also finds that the discretionary factors, as described in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-266 (2004), weigh in favor of granting Applicant's application.

Accordingly, it is hereby ORDERED that Applicant's application is GRANTED. Applicant may serve each of the Respondents with the Subpoena, in substantially the form it appears as attached to the Declaration of Suraj Aggarwal as Exhibit 1.

It is further ORDERED that Respondents shall produce the documents as specified in the subpoena. Discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

SO ORDERED.

Dated: _____, 2020
      New York, New York

_____