UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN RE THE APPLICATION OF DREYMOOR       :
FERTILIZERS OVERSEAS PTE LTD.
                                        :
                                        :
REQUEST FOR DISCOVERY PURSUANT TO       :      CASE NO. 1:20-mc-00192
28 U.S.C. § 1782
                                        :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DECLARATION OF SURAJ AGGARWAL IN SUPPORT OF *EX PARTE*
APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, SURAJ AGGARWAL, declare as follows:

1. I am the Chief Financial Officer "CFO") of applicant Dreymoor Fertilizers Overseas Pte Ltd. ("Dreymoor" or "Applicant"). As CFO, I am responsible for the capital structure of the company.

2. I make this declaration in support of the application of Dreymoor for discovery pursuant to 28 U.S.C. § 1782. Attached hereto as Exhibit 1 is a proposed subpoena seeking the production of documents from certain intermediary banks located in this district. I am duly authorized to make this declaration on behalf of Dreymoor.

3. I believe that the facts in this declaration are true and save where the contrary is indicated, the facts are based upon my personal knowledge. Where the matters I set out below are not within my personal knowledge, I identify the source of my information and I believe the same to be true to the best of my knowledge and belief.

4. This action arises from the efforts by Dreymoor, a Singapore corporation, to enforce a Final Award in the amount of €6,211,091.06 and $339,761.42 (the "Award") which has been issued in favor of Dreymoor in an ICDR Arbitration[1] in New York against UAB AVAgro, a Lithuanian fertilizer trading corporation ("UAB") and its parent company AVAgro LLC, a limited liability company based in Kansas ("LLC", and collectively with UAB, "AVAgro").

5. Applicant now seeks to enforce that Award in an action pending in Lithuania entitled *Dreymoor Fertilizers Pte Ltd v. UAB AVAgro and AVAgro LLC*, Case No. e2T-34-943/2020 (the "Lithuanian Enforcement Action"). A related action involving title to the products purchased with the funds supplied by Dreymoor (the "Products") is also pending in Lithuania before the Klaipeda Regional Court entitled *Klasco v. UAB Avagro*, Case No. e2T-1099-538/2019

---

[1] *UAB AVAgro v. Dreymoor,* International Centre for Dispute Resolution, Case No. 01-19-0000-3381 (the "Arbitration").

(the "Klasco Action").  Based on the Award, Dreymoor is an interested party as it holds an interest in the Products and intends to intervene in such action.  Dreymoor also anticipates bringing additional litigation against the involved parties as discussed below (the "Future Actions").

6. The evidence sought here is for use in the Lithuanian Enforcement Action, the Klasco Action and the Future Actions (collectively, the "Actions").

7. At all relevant times, UAB was wholly owned by LLC which, in turn, was wholly owned by a single individual, Anna Mikhailova ("Ms. Mikhailova"). Ms. Mikhailova handled all of the negotiations for AVAgro in the Dreymoor transaction.

8. The Award arose from AVAgro's failure to pay approximately €6 million provided by Dreymoor for the purchase of the Products – approximately 27,000 tons of UAN, a liquid fertilizer. UAB, the original obligor, defaulted on its obligation to repay this amount to Dreymoor in 2018 after UAB was unable to resell the Products.

9. After such default, Ms. Mikhailova reaffirmed the debt due Dreymoor, and agreed to add a further company, LLC, as an obligor on such debt. She represented that LLC had separate assets which would be used to repay Dreymoor.

10. Ms. Mikhailova also agreed to personally guarantee the debt, but in the meantime secretly used the limited assets of LLC to fund new, unrelated business, and diverted the proceeds of that new business to unknown third parties, leaving the Dreymoor debt unpaid.

11. Meanwhile, the Products were stored – and continue to be stored unsold – at Klaipeda Stevedoring Company ("Klasco") – a port facility in Lithuania, running up millions of dollars of storage charges that UAB has also failed to pay, while the market value of the Products has plummeted. UAB's unpaid storage fees and title to the Products are the subject of the Klasco

Action to which Dreymoor is not currently a party, but will soon become a party through intervention.

12. Notwithstanding the fact that the amount owed to Dreymoor for the Products was never paid to Dreymoor, in 2019 UAB initiated the Arbitration against Dreymoor seeking various declarations regarding the obligations of the parties under the contracts relating to Dreymoor's funding the purchase of the Products (the "Contracts").

13. In response, Dreymoor filed a counterclaim against UAB and LLC, seeking payment of the debt owed under the Contracts. After the hearing in that action, the arbitrator awarded Dreymoor €6,211,091.06 and $339,761.42, jointly and severally, against both UAB AVAgro and AVAgro LLC.

14. Dreymoor then brought the Lithuanian Enforcement Action to confirm the Award and enforce it against the Products held at Klasco.[2] That action is on-going.

15. Meanwhile, neither UAB AVAgro, AVAgro LLC or Ms. Mikhailova have repaid any of the amounts owing under the Contracts or the Award.

16. As of February 15, 2020, the amount due and owing to Dreymoor under the Contracts is €6,211,091.06 and $339,761.42, and starting 30 days thereafter simple daily interest of 0.02% accrues on unpaid amounts, until paid.

17. In Dreymoor's investigation of AVAgro and Ms. Mikhailova, both as part of the Arbitration and for purposes of enforcing the Award, Dreymoor identified several foreign banks that were used for the Dreymoor transaction or that have since been used for other AVAgro payments, namely UniCredit Bank AG, Skandinaviska Enskilda Banken AB ("SEB") and Credit EuropeBank N.V.

---

[2] An application for confirmation of the award has also been filed in Kansas against LLC (*Dreymoor v. Avagro LLC*, Case No. 6:20-Mc-00105-EFM), but it does not concern Applicant's request here. Dre

18. Those accounts were used to send or receive payments from Dreymoor to AVAgro, from AVAgro to Dreymoor and/or between AVAgro and the Lithuanian storage facility. In other words, those three banks very likely encompass any bank that AVAgro or Ms. Mikhailova would have used to transfer or fraudulently convey any proceeds of the Dreymoor funds or the funds AVAgro agreed to pay to Dreymoor after it defaulted, to unknown third parties.

19. Based on Dreymoor's investigation, it is likely that those three banks used one of several U.S. banks as intermediate or correspondent banks for the transfer of payments made in U.S. dollars: H.S.B.C. Bank U.S.A., N.A.; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank; Wells Fargo Bank, N.A.; Commerzbank AG; and Bank of America, N.A.

20. By this application, Dreymoor seeks to identify payments sent or received by UAB, LLC or Ms. Mikhailova for the purpose of tracing any transactions with unknown third parties which were either made using the money paid to UAB by Dreymoor, and/or tracing the proceeds of any sales to unknown third parties, or to trace assets that may have been fraudulently conveyed to unknown third parties to impede, hinder or delay Dreymoor's collection of the Award.

21. Currently, Dreymoor is not aware of the identity of any third parties which received fraudulent conveyances, but of course will seek to identify those unknown third parties and pursue any necessary foreign litigation against them, including in the Klasco Action, the Lithuanian Enforcement Action or the Future Actions.

22. Applicant here seeks discovery from banks located in this District which were reasonably likely to have been used as an intermediary bank by UAB AVAgro, AVAgro LLC or Ms. Mikhailova. Those intermediary banks are H.S.B.C. Bank U.S.A., N.A.; Bank of New York

Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank; Wells Fargo Bank, N.A.; Commerzbank AG; and Bank of America, N.A.

23. There is no allegation that any of the Intermediary Banks did anything improper or knowingly participated in any of the transactions. Rather, funds were transferred to/from banks outside of the U.S. However, these transfers, like all transfers between financial institutions in different countries in U.S. dollars, required the use of "intermediary" or "correspondent" banks through which the transfers are routed. For transfers that are cleared in U.S. dollars, the intermediary bank must be located in the United States, as are the Intermediary Banks from which discovery is sought here.

24. The discovery sought from the Intermediary Banks here should provide the details of the payments made to any unknown third parties by UAB AVAgro, AVAgro LLC or Ms. Mikhailova, and will allow Dreymoor to locate any assets, including bank accounts held by any third parties, and bring legal actions necessary to recover any fraudulently conveyed assets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 10, 2020

_____
Suraj Aggarwal