UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF<br>DREYMOOR FERTILIZERS PTE LTD<br><br>REQUEST FOR DISCOVERY PURSUANT<br>TO 28 U.S.C. § 1782 | CASE NO. 1:20-mc-00192(PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF AN APPLICATION FOR SUPPLEMENTAL DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

## **TABLE OF CONTENTS**

|      |                                    | **Page** |
|------|------------------------------------|----------|
| I.   | **INTRODUCTION**                   | 1        |
| II.  | **FACTUAL AND PROCEDURAL BACKGROUND** | 2     |
| III. | **LEGAL ARGUMENT**                 | 5        |
| IV.  | **DOCUMENTS REQUESTED**            | 6        |
| V.   | **CONCLUSION**                     | 7        |

## I.  INTRODUCTION

This *ex parte* application is simply a supplemental application to the previous application for discovery pursuant to 28 U.S.C. § 1782 filed on April 14, 2020 (the "April 2020 Application") which was granted by order of this Court on May 18, 2020 (the "Previous Order"). In the Previous Order, this Court granted permission to Dreymoor Fertilizers Overseas Pte Ltd. ("Dreymoor" or "Applicant") to obtain discovery from banks located in this District that have acted either as direct transfer banks or as the intermediary or correspondent banks for certain payments and transfers which are or will be at issue in various foreign proceedings ("the Actions"). No objections were filed to the Previous Order, and the subpoenaed parties all fully complied with the Previous Order.

The discovery obtained from the Previous Order showed substantial payments, some of which appear to be related to -- or the proceeds of -- the original loan by Applicant that gave rise to the claims underlying the discovery sought here. Also, one large payment of $100,000 shown in the discovery appears to have been made to an entity controlled by an individual affiliated with Applicant. This payment was made by the principal of the borrower (AVAgro LLC) when Applicant and such borrower were entering into the business transactions at issue. The payment was never disclosed by any of the involved parties. This supplemental application seeks further discovery from various banks for a slightly broader time period -- starting in 2016 -- about those newly discovery transfers and/or prior payments or transfers, to try to determine whether there was any proper basis for them.

Meanwhile, the underlying arbitration award of more than $7 million that gave rise to this action has been confirmed under the New York Convention in separate actions in Lithuania and the Federal District Court in Kansas; garnishment and other collection orders have been entered

1

in those actions by such courts, all assets of the debtor appear to have been stripped, and the debt has not been paid other than a very small amount recovered in Lithuania after the award was confirmed and a collection order was issued. The discovery sought here is intended to lead to identification of third parties from whom Applicant could possibly recover assets in payment of the confirmed arbitration award.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

As explained in more detail in the April 2020 application (which is incorporated herein by reference), Applicant informed the Court that it sought to enforce a Final Award in the amount of €6,211,091.06 and $339,761.42 (the "Award"), which has been issued in favor of Dreymoor in an ICDR Arbitration[1] in New York against UAB AVAgro, a Lithuanian fertilizer trading corporation ("UAB") and its parent company AVAgro LLC, a limited liability company based in Kansas ("LLC", and collectively with UAB, "AVAgro"). At all relevant times, UAB was wholly owned by LLC which, in turn, was wholly owned by a single individual, Anna Mikhailova ("Ms. Mikhailova"). Ms. Mikhailova handled all of the negotiations for AVAgro in the Dreymoor transaction. The Applicant seeks to enforce that award in an action pending in Lithuania entitled *Dreymoor Fertilizers Pte Ltd v. UAB AVAgro and AVAgro LLC*, Case No. e2T-34-943/2020 (the "Lithuanian Enforcement Action"). A related action involving title to the products purchased with the funds supplied by Dreymoor (the "Products") is also pending in Lithuania before the Klaipeda Regional Court entitled *UAB AVAgro v. Klaipeda Stevedoring Company*, Case No. e2T-1099- 538/2019 (the "Klasco Action"). Based on the Award, Dreymoor is an interested party as it holds an interest in the Products and has intervened in that action. Dreymoor also anticipates bringing additional litigation against the involved parties as discussed

---

[1] *UAB AVAgro v. Dreymoor*, International Center for Dispute Resolution, Case No. 01-19-0000-3381 (the "Arbitration").

2

below (the "Future Actions"). The evidence sought here is for use in the Lithuanian Enforcement Action, the Klasco Action and the Future Actions (collectively, the "Actions"). These facts were attested to in support of the April 2020 Application in the Declaration of Suraj Aggarwal, dated April 10, 2020 (the "April 2020 Aggarwal Decl."), which is also incorporated herein by reference.

By this supplemental application, Dreymoor seeks to identify further payments or transfers sent or received by newly identified individuals or entities, as well as further payments or transfers for a slightly broader time period, based on the discovery obtained from the Previous Order. (Declaration of Patrick Salisbury "Salisbury Decl." ¶ 3.) That previous discovery appears to show $100,000 payment made in early 2017 by Mikhailova and/or her entities to an entity controlled by an individual affiliated with Applicant, and there appears to be no proper basis for this payment. (*Id*.) The previous discovery also shows that payments appear to have been made to third parties at the same time that the debts were owed to Applicant. (*Id*.) Thus, the discovery sought here will assist in identifying the basis of those various payments starting in 2016, and the parties to those payments, and will assist in allowing further tracing of the proceeds of any of those payments to currently unknown third parties, and/or will assist in the tracing of assets that may have been fraudulently conveyed to unknown third parties to impede, hinder or delay Dreymoor's collection of the Award. (Salisbury Decl., ¶ 4.)

Dreymoor seeks this discovery for various reasons, most importantly because it may choose to proceed against the newly identified individuals or entities, in necessary foreign litigation, including in the Klasco Action, the Lithuanian Enforcement Action or the Future Actions. Currently, Dreymoor is not aware of the identity of any further third parties which received fraudulent conveyances, but of course will seek to identify more of those unknown third

3

parties and pursue any necessary foreign litigation against them. (April 2020 Aggarwal Decl., ¶ 21.)

Applicant here seeks discovery from banks located in this District which were reasonably likely to have been used as a direct transfer or an intermediary bank by AVAgro LTD., Jennius Enterprises LLC, Dmitry Shimanovich, Jeanette Shimanovich, Giedre Vosyliene, Anna Alexandra Adams (a/k/a Anna Mikhailova), UAB AVAgro, and AVAgro LLC. Those direct transfer and/or intermediary banks are H.S.B.C. Bank U.S.A., N.A.; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank; Wells Fargo Bank, N.A.; Commerzbank AG; Bank of America, N.A.; and Merrill Lynch (collectively "the Banks"). (Salisbury Decl., ¶ 5.) There is no allegation that any of the Banks did anything improper or knowingly participated in any of the transactions. Rather, funds were transferred to/from banks in the U.S. or to/from banks outside of the U.S. However, these transfers, like all transfers between financial institutions in different countries in U.S. dollars, required the use of "intermediary" or "correspondent" banks through which the transfers are routed. For transfers that are cleared in U.S. dollars, the intermediary bank must be located in the United States, as are the Banks from which discovery is sought here. (April 2020 Aggarwal Decl., ¶ 23.)

The discovery sought from the Banks here should provide the details of the payments made to any unknown third parties by AVAgro LTD., Jennius Enterprises LLC, Dmitry Shimanovich, Jeanette Shimanovich, Giedre Vosyliene, Anna Alexandra Adams (a/k/a Anna Mikhailova), UAB AVAgro, and AVAgro LLC and will allow Dreymoor to locate any assets, including bank accounts held by any third parties, and bring legal actions necessary to recover any fraudulently conveyed assets. (Salisbury Decl., ¶ 6.)

### III. LEGAL ARGUMENT

In issuing the Previous Order, the Court has already found that the April 2020 Application necessarily met the requirements for seeking discovery under Section 1782. This supplemental application relies on the same facts and law, and seeks the same type of discovery from the Banks, simply with respect to further payments and transfers that were previously unknown. It follows logically that this supplemental application necessarily also meets the requirements of Section 1782.

For the sake of judicial efficiency, the Applicant will not recite the entire legal argument detailed in its April 2020 Application. In summary, the parties from which discovery is sought in this supplement application, the Banks, are present within the Southern District of New York. The documents requested are "for use" in the ongoing Lithuanian Actions and contemplated Future Actions which the Applicant intends to bring against transferees of the funds. And, as a party in the Actions, Applicant qualifies as an "interested person" under Section 1782.

Further, the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting Applicant's application. Briefly, the Banks are not parties to the foreign actions, there is no restriction on the use of this discovery in the foreign actions, the Applicant is not circumventing any proof gathering motivation in Lithuania or elsewhere and the discovery requested is narrowly tailored to highly relevant documents easily assembled and routinely supplied by banks and intermediary banks.

The present supplemental application is properly made *ex parte*. "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte." *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) (summary order); *Brandi-*

*Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012) (reviewing district court's grant of motion to quash subsequent to *ex parte* grant of § 1782 application); *In re Edelman*, 295 F.3d 171, 173-175 (2d Cir. 2002) (same); see also *In re Hornbeam*, -- Fed.Appx. --, 2018 WL 416486, *2 (2d Cir. Jan. 16, 2018) (summary order) ("this court has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application.").

Requests for transfer records from banks are routine and rarely opposed by such banks. In previous cases seeking similar discovery from banks under § 1782, the Court noted that "New York Banks routinely receive and comply with similar subpoenas issued pursuant to 28 U.S.C. § 1782. In response . . . the Banks have searched their electronic transaction databases for the relevant terms timely provided counsel with sample electronic spreadsheets listing the basic information relating to any wire transfers that satisfy the search parameters*." In re Application of Hornbeam Corp.*, 2014 WL 8775453, *1 (S.D.N.Y. Dec. 24, 2014).

## IV. DOCUMENTS REQUESTED

Based on the foregoing, Applicant's specific discovery requests are:

   A. Copies of any orders, instructions or wire transfers received from any person or entity (including but not limited to, any payor/transferor bank to a payee/transferee bank) for the benefit or credit of, or with any reference to any of the following entities or individuals (the "Parties"):

   1. AVAgro LTD.
   2. Jennius Enterprises LLC
   3. Dmitry Shimanovich
   4. Jeanette Shimanovich

6

     5. Giedre Vosyliene

     6. Anna Alexandra Adams (a/k/a Anna Mikhailova)

     7. UAB AVAgro

     8. AVAgro LLC

In which the banks have acted as intermediary banks or direct transfer banks, together with any electronic and/or paper records thereof for the period beginning January 1, 2016 to the present.

B. Copies of any other documents in the possession of the banks relating to the Parties for the period beginning January 1, 2016 to the present.

## V. CONCLUSION

In summary, consistent with the precedent cited above and in the April 2020 Application, the facts in the present matter clearly meet the requirements of 28 U.S.C. § 1782 and the related discretionary factors weigh in favor of granting discovery, and this supplemental Application for the Order allowing the issuance of the requested subpoenas to the Banks should be granted.

Dated: September 22, 2020

Respectfully submitted,

/s/Patrick Salisbury
Patrick Salisbury
SALISBURY & RYAN LLP
1345 Avenue of the Americas 2nd Floor
New York, New York 10105
Tel: 212.977.4660
Fax: 212.977.4668

*Attorneys for Applicant*